UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| ANDRE L. MCRAE, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:18-cv-00381-JRS-DLP |
| | ) | |
| J.E. KRUEGER, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**Order Denying Petition for a Writ of Habeas Corpus
and Directing Entry of Final Judgment**

Federal Bureau of Prisons inmate Andre L. McRae petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging a disciplinary sanction imposed on May 9, 2018, in prison disciplinary case number 3111264. For the reasons explained in this Order, Mr. McRae's habeas petition must be **denied**.

**A.   Overview**

Federal inmates seeking to challenge the loss of good time credits in prison disciplinary proceedings on due process grounds may petition for a writ of habeas corpus pursuant to § 2241. *See Smith v. Bezy*, 141 F. App'x 479, 481 (7th Cir. 2005). In a prison disciplinary proceeding, the due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

### B. The Disciplinary Proceeding

Mr. McRae is currently confined at the United States Penitentiary in Lewisburg, Pennsylvania. The conduct giving rise to the discipline occurred while Mr. McRae was confined at the United States Penitentiary (USP) in Terre Haute, Indiana. In early 2018 prison officials conducted an investigation centering on several phone calls made by Mr. McRae from the prison. Using at least nine other inmates' phone accounts, but not his own, Mr. McRae made several phone calls to I.P., listed on prison records as his fiancé, between February 1 and March 12, 2018. The calls were recorded and studied by investigators, who concluded that Mr. McRae was attempting to have synthetic marijuana mailed into the prison on legal papers.

On March 14, 2018, investigators interviewed Mr. McRae. After he denied having anything sent into the prison, investigators discussed the details of his phone calls with I.P. Mr. McRae then stated, "I never even got any in here, but in all honesty, I did try." He was questioned about money being sent by other inmates to I.P., to which Mr. McRae explained as made from his "selling stamps."

On April 11, 2018, SIS Tech. D. Jacks prepared incident report number 3111264 charging Mr. McRae with a prison conduct violation, Code 111A, for attempted introduction of any narcotic, marijuana, drugs, or intoxicants. The concluding paragraph of the report states:

> Inmate McRae did instruct [I.P.] to purchase synthetic marijuana through the internet and persuaded her to learn to soak the synthetic into paper. She saturated thick 100% cotton paper with the synthetic and allowed it to dry. She then printed McRae's court documents on the paper using Pacer.com. [I.P.] then attempted to send the documents into the institution to McRae. Inmate McRae intended to sell the synthetic for a profit.

Dkt. 1-1, p. 4; dkt. 10-4, p. 3.

Mr. McRae was given a copy of the incident report and advised of his rights the same day. Three days later, on April 14, 2018, Mr. McRae signed the form "Inmate Rights at Discipline

Hearing." Dkt. 10-4, p. 8. On this day, and later on April 30, 2018, Mr. McRae signed a "Notice of Discipline Hearing before the (DHO)." *Id.*, pp. 6-7. Prior to the hearing, Mr. McRae requested Officer Piper as a staff representative and Officer Piper accepted the request.

The disciplinary hearing was held on May 9, 2018. Mr. McRae was advised of his right to have witnesses, but he did not request any. During the hearing Mr. McRae made different requests to have two other staff members represent him, but the hearing officer denied those requests believing they were made only to disrupt and delay the proceedings. The hearing officer considered Mr. McRae's written statement, his statements to investigators, the incident report, information from the federal court PACER system, the SIS investigative report, telephone records, and email logs. The hearing officer found Mr. McRae guilty of attempted introduction of drugs. Sanctions included the loss of forty-one days of good time credit.

Mr. McRae now brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The respondent Warden raises a failure to exhaust administrative remedies defense.

**C.     Analysis**

Mr. McRae's first ground for habeas corpus relief asserts that there was a "[f]ailure to establish a foundation of guilt, and or proof that Petitioner actually committed the offenses charged." Restated, Mr. McRae challenges the sufficiency of the evidence. He contends that (1) the investigating officer's report is not supported by any Bureau of Prisons manual guiding the hearing officer in defining the "coded conversations" he had with his fiancé; (2) the report fails to contain parentheticals to explain what the conversations actually mean; and (3) there was no proof that the recorded conversations were between Mr. McRae and his fiancé. Dkt. 1, p. 6.

The Warden fails to address these arguments, instead contending that because the hearing officer followed Bureau of Prisons policies and afforded Mr. McRae due process, this Court cannot

3

re-litigate the case. Dkt. 10, pp. 7-10. The Warden's general statement that "the evidence in this matter is strong" states only that the hearing officer relied on the phone calls and "package interdiction" to arrive at his decision. *Id.,* p. 10.

Due process is denied when a conviction is imposed without "some evidence" of guilt. Therefore this Court examines the record to assess whether "some evidence," indeed "any evidence," is present that could support the hearing officer's decision. This Court must be satisfied that this evidence logically supports the decision and is therefore not arbitrary. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

Mr. McRae makes a spirited challenge to the evidence in his December 11, 2018, reply to the Warden's return. Dkt. 21. He submits an affidavit challenging some of the disciplinary hearing evidence and adding additional factual assertions. Dkt. 26. While these arguments would likely be relevant to defending the charge at the disciplinary hearing, they do not demonstrate that the evidence relied upon by the hearing officer was false or so incredible as to defy belief.

Rather, the evidence relied upon by the hearing officer is "some evidence" to support the decision of guilt. The phone numbers called from the different inmates' phone accounts were numbers sent to Mr. McRae in an email. Dkt. 10-4. During the calls Mr. McRae asked for and received tracking numbers for two packages that I.P. had mailed to him at the prison. *Id.* Mr.

McRae wrote an "Inmate Request to Staff" asking a counselor to locate these packages. *Id.* The packages had been returned to the sender by the prison mail room because there was an "unknown substance soaked into paper." *Id.* And when Mr. McRae was questioned by investigators about the phone calls to I.P. and accused of sending synthetic marijuana into the facility through court documents, he stated, "I never even got any in here, but in all honesty, I did try." *Id.*

On this evidence, there is no need for a key or list of definitions to decipher the coded conversations between Mr. McRae and I.P., nor is there a need to otherwise demonstrate that the conversations were indeed between them. The listed evidence is "some evidence" to support the hearing officer's decision. Mr. McRae's challenges to the sufficiency of the evidence are without merit. Habeas corpus relief on this ground is denied.

Mr. McRae's second ground for habeas corpus relief contends that he was denied due process when (1) his requested staff representative was not allowed to be present at the hearing, and (2) the hearing officer failed to call his requested witnesses who could vindicate him of the charges. Dkt. 1, p. 6.

The Warden acknowledges that pursuant to a Bureau of Prisons policy, Mr. McRae could have a staff member represent him at the disciplinary hearing. Dkt. 10, p. 6 (citing Bureau of Prisons Program Statement 5270.09, *Inmate Discipline Program*); *see* 28 C.F.R. § 541. He notes that Mr. McRae requested Officer Piper to be his staff representative and Officer Piper agreed. But the Warden then fails to address Mr. McRae's argument that he was denied due process when he was denied a staff representative. *See* dkt. 10, pp. 6-9.

There is no constitutional due process right to a staff representative or lay advocate. "[D]ue process d[oes] not require that the prisoner be appointed a lay advocate, unless 'an illiterate inmate is involved . . . or where the complexity of the issue makes it unlikely that the inmate will be able

5

to collect and present the evidence necessary for an adequate comprehension of the case.'" *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992) (quoting *Wolff*, 418 U.S. at 570); *see Wilson-El v. Finnan*, 263 F. App'x 503, 506 (7th Cir. 2008); *see also Arceneaux v. Pearson*, 449 F. App'x 396 (5th Cir. 2011) (no due process violation for failing to provide a staff representative absent an illiterate prisoner or a complex case) (citing *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009)). Mr. McRae is certainly not illiterate, as his voluminous filings in this action show, and the case is not complex. Even if providing a staff representative was constitutionally required, which it is not, the record shows that Mr. McRae requested and received the appointment of Officer Piper to assist him. Dkts. 10-1 (affidavit of disciplinary hearing officer); 10-4 (Notice of Discipline Hearing).

Mr. McRae makes several assertions in his filings that if he had a staff representative he could have had the case investigated. Because there is no constitutional right to a staff representative, any "failure to investigate" assertion cannot support habeas corpus relief.

The next argument Mr. McRae makes in his due process argument is that he was denied witnesses who would have vindicated him. The Warden contends that Mr. McRae did not request witnesses, and there is nothing in the record to reflect that he did. *See* dkts 10, pp. 4-5, 7 (Warden's brief); 10-1 (Hearing Officer's affidavit); 10-5 (Discipline Hearing Officer Report). But Mr. McRae contends he did ask for witnesses. The witnesses appear to be the inmates whose phone accounts were used to place calls to I.P.'s number. If the inmates had provided statements that Mr. McRae did not use their accounts to place phone calls, there still exists other evidence to support the hearing officer's decision. This evidence includes Mr. McRae's inculpatory statement to investigators, his Request to Staff to track missing packages, his providing of the tracking numbers of those packages, and the mail room's return of those packages because they contained paper

soaked in some substance. Thus, if there was error in not having these inmates provide statements, the error was harmless. *See Jones*, 637 F.3d 841, 847 (7th Cir. 2011) (applying harmless error doctrine to prison discipline cases); *Piggie v. Cotton*, 344 F.3d 674, 678 (7th Cir. 2003). Habeas corpus relief on ground two of the petition is denied.

Mr. McRae's third and fourth grounds for relief address the prison's purported withholding or tampering with his outgoing mail. Dkt. 1, p. 7. An administrative appeal deadline was missed, according to Mr. McRae, because of this interference with his mail. *Id.* The Warden has not asserted a procedural default defense and, therefore, these grounds for relief have no relevance to Mr. McRae's habeas corpus petition. The Court will not address these grounds further.

The fifth ground for habeas corpus relief also concerns Mr. McRae's administrative appeals. He contends that he did not receive a rejection notice from the Bureau of Prison's North-Central Regional Office and therefore he missed a deadline for an appeal to the Central Office. There is no constitutional due process right to an administrative appeals process, so any error during the administrative appeal process cannot support habeas relief. In *Wolff*, the Supreme Court made clear that "[p]rison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." 418 U.S. at 556. The due process rights that apply, which are set forth in detail in *Wolff*, do not include any safeguards during an administrative appeal – or even a right to appeal at all. And the procedural guarantees set forth in *Wolff* may not be expanded by the lower courts. *See White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001). Habeas corpus relief based on ground five of the petition is denied.

Mr. McRae's sixth ground for relief challenges the impartiality of the disciplinary hearing officer. Dkt. 1, p. 8. He contends that the hearing officer told him that "[n]o matter what you or

7

your staff rep say, I am going to believe the (SIS) Special Investigative Services Report and Officer who wrote it, call it what you want." *Id.*

A prisoner facing a discipline hearing has a due process right to an impartial decision maker. *Hill*, 472 U.S. at 454; *Wolff*, 418 U.S. at 563-67. A "sufficiently impartial" decisionmaker is necessary in order to shield the prisoner from the arbitrary deprivation of his liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie*, 342 F.3d at 666; *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Piggie*, 342 F.3d at 666. Instead, hearing officers are impermissibly biased when, for example, they are "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Id.* at 667.

The hearing officer in this case is entitled to a presumption of honesty and integrity, and to find otherwise requires clear evidence. There is no evidence that the hearing officer was involved in the investigation of Mr. McRae's conduct, nor is there clear evidence of bias. Habeas corpus relief on Mr. McRae's sixth ground is denied.

Mr. McRae's seventh ground for relief is based on the Warden's "failure to present evidence at [the] hearing of any attempt[ed] introduction of alleged synthetic drugs . . . ." Dkt. 1, p. 8 (capitalization corrected). He goes on to contend that because the mail room sent the two packages back, the papers were never possessed or tested. Mr. McRae's possession argument is frivolous. He was charged and convicted of *attempting* to introduce drugs into the prison facility,

and therefore actual possession is irrelevant. For the same reason, a failure to test the papers is irrelevant. Additionally, there is no constitutional right to have suspected drug evidence tested if there are other indications the substance is prohibited. *See Manley v. Butts*, 699 F. App'x 574, 576 (7th Cir. 2017) (prisoner was not entitled to laboratory testing). Prison administrators are not obligated to create favorable evidence or produce evidence they do not have. *Id.* Habeas corpus relief on Mr. McRae's seventh ground is denied.

The eighth and final ground asserted by Mr. McRae for relief challenges the Warden's "failure to provide written statements, recorded confessions, or signed statements" from him at the discipline hearing. Dkt. 1, p. 9. He denies making any of the incriminating statements attributed to him in the investigator's report. The Court construes these contentions first as challenging the sufficiency of the evidence, and second as a failure to provide exculpatory evidence.

As to any sufficiency argument, there is no constitutional requirement that certain evidence be introduced at a discipline hearing. Indeed, the staff reports alone may constitutionally support a disciplinary decision. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The BOP investigator's failure to have Mr. McRae sign a confession likewise fails to state a constitutional claim. Authorities are not required to produce evidence that does not exist for a prisoner. *Manley*, 699 F. App'x at 576.

If Mr. McRae is contending that his due process rights were violated when prison officials failed to turn over written statements, recorded confessions, or signed statements, he has failed to show that such evidence even exists. The Court has reviewed the record and finds nothing that is exculpatory.

As to Mr. McRae's contention that he did not make the incriminating statements attributed to him, this contention essentially asks the Court to reweigh the evidence. This the Court cannot

do for reasons explained above. *See Jones*, 637 F.3d at 849. And the time for challenging whether he made the statements was during the hearing and not for the first time in a habeas corpus action. Habeas corpus relief based on Mr. McRae's eighth ground for relief is denied.

Finally, the Court has reviewed Mr. McRae's petition, reply, corrected affidavit, and supplemental authority. Dkts. 1, 21, 26, & 28. Any additional arguments for habeas corpus relief contained or implied in these filings concern the sufficiency of the evidence and call for a re-weighing of the record evidence. As noted earlier, the Court cannot re-weigh the evidence. The Seventh Circuit has "characterized the 'some evidence' standard as a 'meager threshold.' . . . Once that threshold is crossed, we will not reverse." *Jones v. Cross*, 637 F.3d 841, 849 (7th Cir. 2011) (quoting *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007)). The previously discussed evidence has crossed this threshold.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Mr. McRae to the relief he seeks. Accordingly, Mr. McRae's petition for a writ of habeas corpus challenging discipline imposed in Bureau of Prisons case number 3111264 is **denied** and this action is **dismissed with prejudice**.

Judgment consistent with this Order shall now issue.

**IT IS SO ORDERED.**

Date: 7/29/2019

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andre L. McRae
20831-057
Lewisburg U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 1000
Lewisburg, PA 17837

Shelese M. Woods
United States Attorney's Office (Indianapolis)
shelese.woods@usdoj.gov